Minimum Mandatory **NO**
Rule 35/5K1.1 **YES**
Appeal Waiver **NO**
Asset Forfeiture **YES**

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 408-151 |
| | ) | |
| v. | ) | |
| | ) | |
| HERMES IMPORT-EXPORT, INC. | ) | |

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL**:

Harry D. Dixon, Jr., Esq.

**STATUTES CHARGED**:

Count - 31 U.S.C. § 5324(a)(1) - Structuring transactions to evade reporting requirement

**COUNT PLEADING TO**:

Count - 31 U.S.C. § 5324(a)(1) - Structuring transactions to evade reporting requirement

**MAXIMUM STATUTORY PENALTY:**

A term of probation for at least one year but not more than five years pursuant to 18 U.S.C. §3561(c)(1);
A fine of $500,000 pursuant to 18 U.S.C. § 3571(c);
A special assessment of $400; and
Forfeiture of Assets pursuant to 31 U.S.C. § 5317

**ELEMENTS OF THE OFFENSE:**

First:  That the Defendant had knowledge of the currency transaction reporting requirements;

Second:  That with such knowledge, the Defendant knowingly structured or assisted in structuring a currency transaction;

Third:  That the purpose of the structured transaction was to evade the transaction reporting requirements; and

Fourth:  That the structured transaction involved one or more domestic financial institutions.

**SUMMARY OF GOVERNMENT'S PROMISES:**

- Forebear prosecution of defendant, and its officers Dimitrios Dimitracopoulos and Vasiliki Dimitracopoulos, within the Southern District of Georgia, for any other federal offense related to the currency structuring offenses herein which may have occurred between June 1, 2003 and the date of the entry of this plea, with the exception of crimes of violence, perjury, false statements, obstruction of justice, tax, and civil rights offenses;
- Agree that restitution is not warranted under U.S.S.G. §8B1.1;
- Not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines;
- Based on the forfeiture provision in paragraph 3 below, the government recommends that no fine be imposed;
- Agree that the structured currency deposits made by defendant consisted of funds derived in the ordinary course of defendant's lawful business; and
- Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant, and to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1.

**SUMMARY OF DEFENDANT'S PROMISES:**

- Waive indictment by the Grand Jury;
- Plead guilty to the Count of the Information;
- Acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;
- Pay on the date of sentencing any assessments imposed by the Court; and
- Agree to the civil forfeiture provisions set forth in paragraph 3 of the plea agreement.

Minimum Mandatory __NO__
Rule 35/5K1.1 __YES__
Appeal Waiver __NO__
Asset Forfeiture __YES__

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 408-151 |
| | ) | |
| v. | ) | |
| | ) | |
| HERMES IMPORT-EXPORT, INC. | ) | |

## PLEA AGREEMENT

Edmund A. Booth, Jr., United States Attorney, by and through the undersigned Assistant United States Attorneys, and Harry D. Dixon, Jr., attorney for the defendant, pursuant to the provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a plea agreement has been reached by said parties in the following respects:

### 1. GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT

Upon the defendant's entry of a plea of guilty to the offense charged in the Count of the Information, its full compliance with all promises made as a part of this agreement, and its adherence to all representations and understandings recited herein, the attorney for the government will do the following:

a. Forebear prosecution of defendant, and its officers Dimitrios Dimitracopoulos and Vasiliki Dimitracopoulos, within the Southern District of Georgia, for any other federal offense

related to the currency structuring offenses herein which may have occurred between June 1, 2003 and the date of the entry of this plea, with the exception of crimes of violence, perjury, false statements, obstruction of justice, tax, and civil rights offenses;

    b.    Agree that restitution is not warranted under U.S.S.G. §8B1.1;

    c.    Not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines;

    d.    On account of the forfeiture provision in paragraph 3, the government recommends that no fine be imposed;

    e.    Agree that the structured currency deposits made by defendant consisted of funds derived in the ordinary course of defendant's lawful business; and

and

    f.    Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant. Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another organization that has committed an offense, or in the investigation or prosecution of an individual not directly affiliated with the defendant who has committed an offense, the court may depart from the guidelines. U.S.S.G. § 8C4.1. It is a condition precedent to the government's filing of a departure motion that the defendant be completely truthful with the United States Attorney's Office and the United States Probation Office. The determination of whether the defendant has provided "substantial assistance," or has been truthful with the United States Attorney's Office and the United States Probation Office, is a

matter committed to the **sole discretion** of the United States Attorney. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure or, in its discretion, to make any recommendation it deems appropriate respecting the amount of departure.

(2) The defendant fully understands and agrees that whether or not the sentencing Court decides to depart downward or reduce his sentence, as well as the extent of any such downward departure or reduction, is **completely within the sentencing court's discretion**.

(3) Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation will not be used against him, directly or indirectly, with the exceptions of prosecution for capital felonies, perjury, false statement, and obstruction of justice. The provisions of § 1B1.8 of the Sentencing Guidelines are expressly incorporated herein.

2.  **DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT**

    a. **WAIVER OF INDICTMENT**

    The defendant understands that it has a right to have this matter submitted to a grand jury for a probable cause determination and knowingly and voluntarily relinquishes this right.

    b. **FACTUAL BASIS**

    The defendant understands that the Count of the Information charges that the defendant did commit an offense against the United States, that is to say, that from on or about the 14th day of January 2002, up to and including the 13th day of September 2005, including the specific dates set forth below, in the Southern District of Georgia, the defendant, **HERMES IMPORT-**

3

**EXPORT, INC.**, did knowing and willfully and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, 31 Code of Federal Regulations, Section 103.22, cause the domestic financial institutions listed below to fail to file a Currency Transaction Report as required by Title 31, United States Code, Section 5313(a), for a currency transaction in excess of $10,000, regarding deposits made to bank accounts, as more particularly described below:

| Date | Financial Institution and Account No. | Amount of Cash Deposit |
|---|---|---|
| 01/14/2002 | Wachovia 13108858 | $9,000.00 |
| 01/15/2002 | Wachovia 13108858 | $4,500.00 |
| | | **$13,500.00** |
| 06/23/2003 | SunTrust 1500440456 | $9,000.00 |
| 06/24/2003 | Wachovia 13108858 | $5,500.00 |
| | | **$14,500.00** |
| 08/25/2003 | SunTrust 1500440456 | $9,950.00 |
| 08/26/2003 | SunTrust 1500440456 | $1,000.00 |
| | | **$10,950.00** |

| 09/12/2005 | BB&T<br><br>5146535463 | $9,500.00 |
|---|---|---|
| 09/13/2005 | BB&T<br><br>5146535463 | $6,250.00 |
| | | **$15,750.00** |

All in violation of Title 31, United States Code, Sections 5313, 5324(a)(1) and 5322(b); 31 Code of Federal Regulations, Sections 103.11 and 103.22; and Title 18, United States Code, Section 2, and that the defendant's guilty plea constitutes proof as to that Count.

b. The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

c. The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

d. The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is

pleading, which may include conduct related to Counts of the Indictment(s) which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant also understands that in accordance with <u>United States v. Booker</u>, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence. **The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.**

e. **FINES & ASSESSMENTS**

The defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written (corporate) financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

f. **FOIA AND PRIVACY ACT WAIVER**

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

**3. FORFEITURES**

a.  The defendant agrees to forfeit to the United States its interest in $350,000.00 currently pending forfeiture in <u>United States v. United States Currency totaling $713,509.50</u>, CV 407-156, by virtue of said sum being involved in a violation of Title 31, United States Code, Section 5324, as charged in the Information. In exchange for defendant's forfeiture of this sum, the government agrees not to pursue criminal forfeiture of the money and will return to defendant's lawfully appointed agent any sums above and beyond $350,000 (including any interest accrued since the date of seizure) pending in the United States District Court for the Southern District of Georgia, civil actions CV 407-156, and CV 407-079.

b.  By this agreement, the defendant agrees to forfeit all interest in $350,000.00 and to take all steps requested by the United States to pass clear title to forfeitable assets to the

United States, and to testify truthfully in any judicial forfeiture proceeding. These steps include but are not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture and signing any other documents necessary to effectuate such transfers, including waivers of any claim or interest in the sum to be forfeited by the officers and shareholders of Hermes Import-Export, Inc. The above properties and assets will be forfeited to the United States pursuant to the provisions of Title 31, United States Code, Section 5317.

      c. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. The defendant stipulates that forfeiture of the above-referenced property is not constitutionally excessive and is justified in light of the offense for which the defendant will be convicted upon entry of a guilty plea(s) pursuant to this Plea Agreement. Defendant warrants that defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 4. **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

a.  The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

b.  The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other

agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

c. The defendant represents to the Court that the defendant has been advised of the nature of the charges to which the pleas of guilty are to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering pleas of guilty, the Court will ask questions about the offenses to which the pleas are entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 2nd day of September 2008.

EDMUND A. BOOTH, JR
UNITED STATES ATTORNEY

James D. Durham
Chief, Criminal Section

Cameron H. Ippolito
Assistant United States Attorney

Karl I. Knoche
Assistant United States Attorney

10

I have read the foregoing Plea Agreement, consisting of 11 pages, including this one, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

This 2nd day of September, 2008

HERMES IMPORT-EXPORT, INC.
Defendant

BY: HARRY D. DIXON, JR.
ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | CR 408-151 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| HERMES IMPORT-EXPORT, INC. | ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant through the defendant's attorney at a hearing on the defendant's motion to change its plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 3rd day of December 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA